IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FAITH REGIONAL HEALTH SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> IRONSHORE INDEMNITY, INC., and UMR, INC., <br><br> Defendant. | Case No. 8:20-cv-00444 <br><br> **BRIEF IN OPPOSITION TO UMR INC.'S MOTION TO STRIKE JURY DEMAND** |

Plaintiff Faith Regional Health Services ("FRHS") opposes Defendant UMR, Inc.'s ("UMR"), Motion to Strike Jury Demand, ECF No. 26, and the Court should deny that Motion for the following reasons.

## INTRODUCTION

The Seventh Amendment provides FRHS a right to a jury trial on its claim that UMR breached its fiduciary duty in violation of 29 U.S.C. § 1132(a)(2), regardless of whether that right is granted by statute, because the nature of the issue to be tried is legal, not equitable. Despite UMR's contentions otherwise, neither the Eighth Circuit nor this Court have concluded there is no Seventh Amendment right to a jury for breach of fiduciary duty claims under section 1132(a)(2), and district courts within the Eighth Circuit are split on the issue. The proper outcome follows from an examination of the particular issue to be tried, and on these facts the Seventh Amendment provides FRHS the right to a jury trial on its section 1132(a)(2) claim.

## BACKGROUND

FRHS is the plan sponsor, administrator, and named fiduciary of a self-funded health benefit plan (the "Plan"). Compl. ¶ 2, ECF No. 1 at Page ID 1. FRHS entered into an Administrative Services Agreement (the "ASA") with UMR in which UMR was appointed as a named fiduciary of the Plan with respect to performing initial benefit determinations and directing payment for medical services provided to Plan participants and beneficiaries. *Id.* at ¶ 7. FRHS separately entered into a Stop Loss Insurance Policy (the "Stop Loss Policy") with Ironshore Indemnity, Inc. ("Ironshore"), which provided stop-loss insurance coverage to FRHS with a deductible per covered person of $170,000. *Id.* at ¶ 8, Page ID 2–3.

G.F. is a minor child whose parent participates in the Plan. G.F. was born prematurely and spent several months in the neonatal intensive care unit at Children's Hospital and Medical Center in Omaha, Nebraska ("Children's Hospital"). *Id.* at ¶ 10, Page ID 3. Children's Hospital issued invoices reflecting over $5.5 million in billed charges for the care provided to G.F. (the "G.F. Charges"). *Id*. UMR, in its role as Plan fiduciary, determined that $4,622,448.57 was payable under the Plan's terms and applicable network provider agreements, and the Plan therefore paid that sum to Children's Hospital, which it accepted as payment in full. *Id*. Importantly, the Plan does not allege that the outcome of UMR's claim determination was improper, nor does the Plan seek an award of further benefits.

FRHS then submitted a timely claim to Ironshore under the Stop Loss Policy for reimbursement of the payment made for the G.F. Charges in the amount approved by UMR. *Id.* at ¶ 11, Page ID 3–4. Ironshore, however, denied reimbursement of

2

$2,209,183.79 of the G.F. Charges, concluding primarily that some charges were allegedly inconsistent with CMS billing and coding requirements, and that some of the drugs and therapies prescribed by the treating medical providers were allegedly experimental. *Id*. Notwithstanding both FRHS's and UMR's objections that the partial denial violated Ironshore's obligations under the Stop Loss Policy, under the Plan, and under Ironshore's separate agreements with UMR, Ironshore has continued to refuse payment. *Id*. at ¶ 12, Page ID 4.

FRHS brought this action claiming first that Ironshore's denial was a breach of contract, actionable under governing Nebraska state law. *Id*. at ¶¶ 13–17 (First Cause of Action). Alternatively, FRHS claims that if Ironshore's decision is found correct, UMR then breached its fiduciary duties imposed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1109 & 1132(a)(2), by failing to exercise the necessary care, skill, prudence, and diligence to process the claim accurately, causing damages to the Plan. *Id*. at ¶¶ 18–25 (Second Cause of Action). In its Answer, UMR asserted a cross-claim against Ironshore, alleging that Ironshore improperly failed to accept the negotiated in-network discount in place between UMR and Children's Hospital, and that Ironshore wrongfully retained a cost-containment vendor to audit the claim without UMR's consent, all in violation of a separate contract between them. UMR Answer and Cross-Claim, ECF No. 8 ¶¶ 10 & 11 at Page ID 7.

Now, UMR moves to strike the jury demand included in FRHS's Complaint, arguing that ERISA does not provide FRHS a right to a jury for its claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). Mot., ECF No. 26. UMR's motion should be denied

3

because FRHS's claim on these facts is legal in character, not equitable, and FHRS is therefore entitled to a jury trial under the Seventh Amendment.[1]

**STANDARD OF REVIEW**

Under Rule 38 of the Federal Rules of Civil Procedure, parties may demand that claims or issues be tried to a jury if either the Seventh Amendment or a federal statute preserves the demanding party's right to have the claim or issue tried to a jury. Fed. R. Civ. 38(a) & (b). Even in the absence of a statutory basis, the Seventh Amendment preserves a party's right to a jury on all issues that are legal—as opposed to equitable—in nature. *See In re Vorpahl*, 695 F.3d at 322; *Tull v. United States*, 481 U.S. 412, 417–18 (1987). Accordingly, when presented with a dispute as to whether a certain claim or issue is triable to a jury, district courts must determine whether the nature of the issue to be tried is legal or equitable in character. *See id.*

**ARGUMENT**

The Seventh Amendment provides FRHS a jury on its claim that UMR breached its fiduciary duties in violation of 29 U.S.C. § 1132(a)(2) because the nature of the issue to be tried under the particular facts of this case is legal, not equitable. *See In re Vorpahl*, 695 F.2d at 322 (citing *Ross*, 396 U.S. at 538). UMR does not address the nature of FRHS's claim at all. Instead, it cites distinguishable non-section 1132(a)(2) cases to support its contention that a jury is broadly unavailable in every ERISA setting. UMR is incorrect on the governing law, and the Seventh Amendment supports FRHS's jury demand on its claim for damages from UMR's breach of fiduciary duty.

---

[1] There has been no challenge to FRHS's right to a trial by jury on its state law claim for breach of contract against Ironshore. That claim will be tried to a jury regardless of the outcome of this motion.

4

I.  **The Seventh Amendment Provides FRHS The Right to A Jury Trial on Its Claim Under 29 U.S.C. § 1132(a)(2) Because That Claim is Legal in Nature, Not Equitable**

The right to a jury trial under the Seventh Amendment depends on "the nature of the issue to be tried rather than the character of the overall action." *Ross*, 396 U.S. 531, 538 (1970); *Vorpahl*, 695 F.2d at 322. Legal claims warrant trial by jury while equitable claims do not. *See Ross*, 396 U.S. at 538–542.

In assessing the nature of an ERISA claim under section 1132, it is, as the Southern District of Iowa observed, important to differentiate claims seeking a determination of benefits due under Plan terms from claims seeking money damages resulting from a breach of fiduciary duty. *Keokuk*, 228 F. Supp. 3d at 900. The Eighth Circuit has characterized ERISA claims seeking monetary relief that "turn on a determination of entitlement to benefits" as equitable in nature, while in contrast, those claims seeking compensatory damages for losses a plan suffers as a result of conduct that rises to a breach of fiduciary duty are legal in nature. *Vorpahl*, 695 F.2d at 322; *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993); *see also Keokuk*, 228 F. Supp. 3d at 901. In *Mertens*, the Supreme Court characterized the plaintiffs' section 1132(a)(2) claims for breach of fiduciary duty as legal in nature because the claims sought compensatory money damages "for all losses their plan sustained as a result of the alleged breach of fiduciary duties." 508 U.S. at 252–253 & 255. This, the Supreme Court said, was an 1132(a)(2) ERISA claim seeking "the classic form of *legal* relief." *Id.* at 255. The same is true of FRHS's section 1132(a)(2) claim here.

FRHS seeks to "recover losses suffered by the Plan" as a result of UMR's breach of fiduciary duties. Compl. ¶ 19, ECF No. 1 at Page ID 5. FRHS alleges, in the alternative

to its primary claim against Ironshore, that if Ironshore's refusal to indemnify FRHS for $2,209,183.79 of G.F. Charges was in fact consistent with the terms of the Stop Loss Policy, then UMR breached its fiduciary duty to the Plan by failing to "conduct its review of the claim with adequate care, attention and sufficiency" to have anticipated Ironshore's refusal itself in the first instance, causing damages to the Plan. The claim is one involving the degree of care taken by UMR as a third-party administrator, not a contention that unpaid benefits are due. FRHS does not seek an award of benefits under the Plan, but to recover the Plan's own damages for losses that were caused by UMR's conduct. Compl. ¶23, ECF No. 1 at Page ID 6. FRHS's claim is therefore legal in nature. *See Mertens*, 508 U.S. at 252–253 & 255.

The Southern District of Iowa reached a similar conclusion in *Keokuk*, explaining the plaintiff's section 1132(a)(2) claim was not connected to the receipt or distribution of benefits. 228 F. Supp. 3d at 901. Rather, as with FRHS's claim, the benefits had already been paid, and the claim sought "to recover overpayments the Plan was forced to make due to the [defendant's] alleged breach of fiduciary duty." *Id.*

Because FRHS's section 1132(a)(2) claim against UMR for breach of fiduciary duty is legal in nature, not equitable, the Seventh Amendment provides FRHS the right to a jury trial of that claim.

## II. The Eighth Circuit Court of Appeals Has Never Held That The Seventh Amendment Does Not Provide A Right to A Jury Trial on Claims Under 29 U.S.C. § 1132(a)(2)

Rather than focus on the underlying character of the claim asserted, UMR incorrectly contends that the Eighth Circuit has broadly held that there is no right to a jury trial for any claims brought under ERISA, including section 1132(a)(2). UMR Br., ECF

No. 27 at Page ID 93. A review of the cases cited by UMR, however, reveals no such holding. In fact, the Eighth Circuit has never even *addressed* whether the Seventh Amendment provides a right to a jury trial on section 1132(a)(2) claims, let alone *held* that it does not provide that right. See *Keokuk Area Hosp., Inc. v. Two Rivers Ins. Co.*, 228 F. Supp. 3d 892, 900 (8th Cir. 2017) ("[T]he Eighth Circuit has not directly addressed whether the same absence of a jury trial applies specifically to section 502(a)(2) of ERISA.").

The cases cited by UMR are easily distinguishable as involving different ERISA remedial provisions, or as not reaching the specific issue raised here. In *Langlie v. Onan Corp.*, 192 F.3d 1137 (8th Cir. 1999), the Eighth Circuit affirmed the district court's refusal to submit to the jury the plaintiff's ERISA retaliation claim under 29 U.S.C. § 1140. 192 F.3d at 1141. Though the court broadly said "there is no right to a jury trial under ERISA," that comment was non-precedential dicta that went far beyond the scope of that appeal and lacked any Seventh Amendment analysis. 192 F.3d at 1141. See *Sanzone v. Mercy Health*, 954 F.3d 1031, 1039 (8th Cir. 2020) (explaining "a judicial comment made while delivering a judicial opinion . . . that is unnecessary to the decision in the case [is] not precedential").

Similarly, in *Houghton v. SIPCO, Inc.,* 38 F.3d 953 (8th Cir. 1994), the Eighth Circuit decided the plaintiffs were not entitled to a jury on their claims that the defendant employer violated various ERISA provisions, but not section 1132(a)(2), by denying them certain severance and medical benefits. 38 F.3d at 956–957. While the court stated that "[i]n *In re Vorpahl*, 695 F.2d 318 (8th Cir. 1982), we held that there is no right to a jury trial

7

of ERISA claims," that was an overly broad characterization of the holding in *Vorpahl*. *Houghton*, 38 F.3d at 957.

The court in *Vorpahl* did not conclude that there is no right to a jury trial of all ERISA claims. *See Vorpahl*, 695 F.2d at 322. Rather, the court said that section 502 of ERISA, 29 U.S.C. § 1132, does not *statutorily* provide a right to a jury trial. *Id.* Then, it held only that the Seventh Amendment does not provide the right to a jury trial on claims seeking money damages for wrongfully denied employee benefits under sections 1132(a)(1)(B) and 1132(a)(3) because those claims seek a determination of employee benefits and are equitable in nature. *See id.* at 320, 322. *Vorpahl* did not discuss whether the Seventh Amendment provides the right to a jury trial on any other ERISA claims, in particular section 1132(a)(2). *See id.* So, to characterize *Vorpahl* as holding "there is no right to a jury trial of ERISA claims," as the court did in *Houghton*, overstates the scope of *Vorpahl*'s actual holding.[2] *Compare Houghton*, 38 F.3d at 957, *with Vorpahl*, 695 F.2d at 322.

Therefore, UMR's reliance on these three Eighth Circuit cases is misplaced. None addressed or resolved whether the Seventh Amendment provides the right to a jury a trial on a section 1132(a)(2) claim for breach of fiduciary duty.

### III. This Court's Precedents Do Not Require Striking FRHS's Demand for Jury Trial in Connection with its Claim Under 29 U.S.C. § 1132(a)(2)

UMR also cites two District of Nebraska cases—*McKnight v. Brentwood Dental Group, Inc.* and *Wengert v. Rajendran*—arguing that in both cases the Court held the

---

[2] In *Houghton*, the court also said that "the Supreme Court's decision in *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993), confirms that there is no right to money damages or to a jury trial under ERISA." 38 F.3d at 957. FRHS agrees that ERISA itself includes no *statutory* basis for the right to a jury trial on FRHS's section 1132(a)(2) claim. *See Vorpahl*, 695 F.2d at 322. But *Mertens* said nothing about whether the Seventh Amendment supplies a *constitutional* basis for a jury trial on claims under section 1132(a)(2). *See Mertens*, 508 U.S. at 251 ("Petitioners sought certiorari only on the question whether ERISA authorizes suits for money damages against nonfiduciaries who knowingly participate in a fiduciary's breach of fiduciary duty.").

Seventh Amendment does not provide the right to a jury for claims under ERISA section 1132(a)(2). *Mcknight*, No. 8:04CV642, 2005 WL 2290326 (D. Neb. Sept. 20, 2005); *Wengert*, No. 8:15CV366, 2016 WL 827754 (D. Neb. March 2, 2016). Like the Eighth Circuit cases UMR cited, *Wengert* does not support UMR's argument. And as to *McKnight*, the Court should respectfully reject the analysis because it summarily struck a jury demand in connection with an apparent section 1132(a)(2) claim based on the same overly broad application of the dicta from *Houghton* discussed above.

*Wenger,* unlike this case, was controlled by the Eighth Circuit's holding in *Vorpahl*. Both *Wengert* and *Vorpahl* dealt with a motion to strike a jury demand in connection with claims seeking benefits under ERISA sections 1132(a)(1)(B) and 1132(a)(3), not section 1132(a)(2). 2016 WL 827754, at *2, *4; *Vorpahl*, 695 F.2d at 320, 322. The Court in *Wengert* even noted the parallel nature of the claims, stating that "[s]imilar to the employees' claims in *Vorpahl*, the plaintiff's breach-of-fiduciary-duty claim is a claim for failure to pay benefits under the terms of an ERISA-governed plan." 2016 WL 827754, at *4. As discussed above, *Vorpahl* is easily distinguishable from this case because it did not involve a section 1132(a)(2) claim like the one FRHS asserts in this case, one not seeking an award of benefits. *Wengert* is distinguishable for the same reason, and lacks any discussion of a party's Seventh Amendment right to a jury trial of a section 1132(a)(2) claim.

This Court's decision in *McKnight* is also distinguishable. *McKnight* involved a claim for retaliation under ERISA section 1140 and a claim for breach of fiduciary duty, but it is unclear from the Court's Memorandum and Order whether it treated the plaintiffs' breach-of-fiduciary-duty claims as brought under ERISA section 1132(a)(2) or section

9

1132(a)(3). *See* 2005 WL 2290326, at *1, *3. The Complaint, and the Court in turn, mistakenly said that the plaintiffs were asserting their fiduciary-duty claims under section 1109, a remedial statute lacking a private right of action. *See id*. at 1 & Compl. ¶34, ECF No. 1; 29 U.S.C. § 1109. That is a critical difference, because while the Eighth Circuit has affirmed there is no federal right, statutory or constitutional, to a jury trial on claims for breach of fiduciary duty under section 1132(a)(3), it has not addressed the issue with respect to claims under section 1132(a)(2). *See Vorpahl*, 695 F.2d at 320, 322. Absent further clarity on that difference, *McKnight* is unpersuasive.

However, even assuming *McKnight* did unequivocally strike the plaintiffs' jury demand in connection with an ERISA claim under section 1132(a)(2), the Court should find otherwise here. In *McKnight*, the Court did not consider the Seventh Amendment analysis. *See* 2005 WL 2290326, at *3. Instead, it cited dictum from *Houghton* and summarily concluded that all claims under ERISA are tried to the court and not a jury. *Id*. ("Both of these counts are governed by ERISA. Therefore, plaintiffs are not entitled to a jury trial.") (citing *Houghton*, 38 F.3d at 957). To the extent *McKnight* is not distinguishable, the Court should decline to follow its summary decision based on non-precedential dicta.

Thus, the Seventh Amendment analysis raised here has not been foreclosed by a higher court, nor persuasively rejected in this district. When a claim for breach of fiduciary duty under section 1132(a)(2) seeks legal relief in the form of damages for the improper conduct of a fiduciary rather than for an award of Plan benefits, a jury trial is constitutionally required. UMR's motion to strike FRHS's jury demand is therefore without merit and should be denied.

**CONCLUSION**

For these reasons, the Court should deny UMR's Rule 39(a)(2) Motion to Strike Jury Demand, ECF No. 26.

Dated this 1st day of March, 2021.

                              FAITH REGIONAL HEALTH
                              SERVICES, Plaintiff,


                              By:     /s/Steven D. Davidson
                                        Steven D. Davidson
                                        Nicholas F. Miller
                              of     BAIRD HOLM LLP
                                        1700 Farnam Street
                                        Suite 1500
                                        Omaha, NE  68102-2068
                                        Phone: 402-344-0500

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Kadee J. Anderson
>Kacie J. Phillips
>***Attorneys for Defendant***
>***UMR, Inc.***
>
>Todd C. Kinney
>John J. Westerhaus
>***Attorneys for Defendant***
>***Ironshore Indemnity, Inc.***

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

>None.

/s/Steven D. Davidson

# CERTIFICATE OF COMPLIANCE

I further certify in accordance with the Court's Local Rule 7.1(d) that, according the 2016 version of Microsoft Word used to prepare this brief, this brief includes 3,214 words, including the caption, headings, footnotes, and quotations.

/s/Steven D. Davidson

DOCS/2600394.3