IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FAITH REGIONAL HEALTH SERVICES,<br><br>            Plaintiff,<br><br>vs.<br><br>IRONSHORE INDEMNITY, INC., and UMR, INC.,<br><br>            Defendants. | **8:20CV444**<br><br>**ORDER** |

      This matter is before the Court on Defendant UMR, Inc.'s Motion to Strike Jury Demand (Filing No. 26). For the reasons explained below, the motion will be granted.

## BACKGROUND

      The Complaint alleges Plaintiff is the sponsor, administrator, and named fiduciary of a self-funded health benefit plan (the "Plan"). Plaintiff entered into an agreement with Defendant UMR, Inc. ("UMR") in which UMR was appointed as fiduciary of the Plan with respect to performing benefit determinations and directing payment for medical services provided to Plan participants and beneficiaries. Because the Plan is self-funded, Plaintiff also executed a stop loss insurance policy with Defendant Ironshore Indemnity, Inc. ("Ironshore").

      G.F., whose parent participated in the Plan, spent several months receiving medical treatment at Children's Hospital and Medical Center in Omaha, Nebraska. Children's Hospital invoiced $5.5 million in charges for G.F.'s care. UMR determined that $4,622,448.57 was payable under the Plan's terms and network provider agreements, and so the Plan remitted payment in that amount to Children's Hospital. Plaintiff then submitted a claim to Ironshore under the stop loss policy for reimbursement. Ironshore denied reimbursement of $2,209,183.79 of the charges.

      In this suit, Plaintiff alleges Ironshore's denial of the claim was a breach of contract under state law. Plaintiff alternatively alleges that UMR breached its fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1109 & 1132(a)(2) by failing to properly process the claim. Plaintiff maintains UMR's purported breach of its fiduciary duty "proximately caused a loss to the Plan in an amount not less than $2,209,183.79, representing

funds paid by the Plan at UMR's direction to Children's Hospital that have not been reimbursed by Ironshore." (Filing No. 1.)

UMR has asserted a crossclaim against Ironshore, alleging that Ironshore wrongfully failed to accept the negotiated in-network discount in place between UMR and Children's Hospital, and that Ironshore wrongfully retained a cost-containment vendor to audit the claim without UMR's consent. (Filing No. 8.)

## DISCUSSION

UMR requests that the Court strike Plaintiff's jury demand for the ERISA breach of fiduciary duty claim brought pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109. The Eighth Circuit has concluded, and this Court has recognized, that there is no right to a jury trial under ERISA. See *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999) (stating "there is no right to a jury trial under ERISA"); *Houghton v. SIPCO, Inc.*, 38 F.3d 953, 957 (8th Cir. 1994) (finding there is no right to a jury trial under ERISA); *Wengert v. Rajendran*, Civil No. 8:15CV366, 2016 WL 827754, at *3 (D. Neb. March 2, 2016) (recognizing there is no right to a jury trial under ERISA). Despite this authority, Plaintiff maintains a jury trial is still available because the Eighth Circuit has never directly held a jury trial is unavailable for breach of fiduciary duty claims specifically arising under 29 U.S.C. § 1132(a)(2). Moreover, Plaintiff contends it is entitled to a jury trial under the Seventh Amendment because the nature of its claim against UMR is legal in nature, not equitable. *Wengert*, 2016 WL 827754, at *3 ("The Seventh Amendment preserves the right to a jury trial in actions at law, not actions in equity."). The Court finds Plaintiff's arguments unpersuasive.

Contrary to Plaintiff's contention, there is no indication the Eighth Circuit would apply an exception to the general rule against jury trials on ERISA claims brought pursuant to § 1132(a)(2). Further, as previously found by this Court, "[r]egardless of which section the plaintiff now alleges her claim for breach of fiduciary duty arises under, '[t]he right to a jury trial under the [S]eventh [A]mendment depends on the nature of the issue to be tried.'" *Wengert*, 2016 WL 827754, at *4 (quoting *In re Vorpahl*, 695 F.2d 318, 322 (8th Cir. 1982)). Here, the issue to be tried is equitable

2

in nature. Therefore, Plaintiff does not have a Seventh Amendment right to a jury trial on its claim against UMR.

The Complaint alleges UMR breached its fiduciary duties by failing to "exercise necessary care, skill, prudence and diligence, or to act in accordance with Plan documents when it determined as payable and instructed the Plan to pay to Children's Hospital" and that "UMR had a duty to conduct its review of the claim with adequate care, attention and sufficiency to have made that determination itself in the first instance, and UMR did not." (Filing No. 1.) As shown by the Complaint, Plaintiff's claim against UMR specifically deals with whether UMR made the correct benefit determination under the terms of the Plan. The Eighth Circuit has determined that when monetary relief "turns on a determination of entitlement to benefits," such relief is an "integral part of an equitable action" for which the Seventh Amendment provides no right to a jury. Vorpahl, 695 F.2d at 322 (finding no right to jury trial on § 502 claim where the relief sought involved the determination of benefits). See also Wengert, 2016 WL 827754, at *4 ("When any monetary relief turns on a determination of entitlement to benefits, such relief is an integral part of an equitable action for which the Seventh Amendment provides no right to a jury."). Because Plaintiff's claim is one seeking review of UMR's benefit determination under an ERISA plan, Plaintiff is not entitled to a jury trial on its claim against UMR.

Plaintiff contends its claim is legal in nature because it is not seeking an award of benefits under the Plan, but rather seeks to recover compensatory damages caused by UMR's conduct. Plaintiff cites the United States Supreme Court's ruling in Mertens v. Hewitt Assocs., 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) to support its argument. This Court disagrees that *Mertens* supports this proposition. In *Mertens*, the Supreme Court found that equitable relief is what is available under 29 U.S.C. § 1132(a)(3), and that this did not include the collection of damages from non-fiduciaries who act in concert with fiduciaries. In *Mertens*, the Supreme Court considered the scope of relief authorized by § 1132(a)(3), not § 1132(a)(2). See Houghton, 38 F.3d at 957 (stating that the Supreme Court's ruling in *Mertens* "confirms that there is no right to money damages or to a jury trial under ERISA"). This Court's determination that Plaintiff's claim is equitable in character and that Plaintiff is not entitled to a jury trial on its §1132(a)(2) claim against UMR is not inconsistent with the *Mertens* decision. Therefore, UMR's motion to strike will be granted.

3

4

Accordingly,

**IT IS ORDERED** that UMR's Motion to Strike Jury Demand (Filing No. 26) is granted.

Dated this 22nd day of April, 2021.

                          BY THE COURT:

                          s/ Susan M. Bazis
                          United States Magistrate Judge