IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FAITH REGIONAL HEALTH SERVICES,

    Plaintiff,

v.

IRONSHORE INDEMNITY, INC., and
UMR, INC.,

    Defendants.

8:20CV444

MEMORANDUM
AND ORDER

    This matter is before the Court on plaintiff Faith Regional Health Services' ("Faith Regional") Statement of Objections (Filing No. 34) to the magistrate judge's[1] April 22, 2021, order (Filing No. 32) granting defendant UMR, Inc.'s ("UMR") Motion to Strike Jury Demand (Filing No. 26) on Faith Regional's claim that UMR breached its fiduciary duty in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. In granting the motion, the magistrate judge noted the Eighth Circuit has repeatedly held "there is no right to a jury trial under ERISA." *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999); *accord In re Vorpahl*, 695 F.2d 318 (8th Cir. 1982). The magistrate judge determined the Eighth Circuit would not create an exception to that general rule for Faith Regional's fiduciary-breach claim under 29 U.S.C. §§ 1109 and 1132(a)(2).

    In response to Faith Regional's reliance on the right to a jury protected by the Seventh Amendment to the United States Constitution, the magistrate judge concluded its claim was equitable in nature, not legal as Faith Regional suggested. As such, Faith Regional had no right to a jury on that claim under *Vorpahl*, 695 F.2d at 322. In reaching that conclusion, the magistrate judge determined the Supreme Court's decision in *Mertens*

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

*v. Hewitt Associates* did not require a different result. 508 U.S. 248, 249 (1993) (deciding § 1132(a)(3) of ERISA does not authorize a private cause of action for money damages against a nonfiduciary who knowingly participates in a fiduciary's breach of duty).

Faith Regional takes issue with the magistrate judge's decision. To succeed in its challenge, Faith Regional must show the ruling "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). Faith Regional says the ruling "is contrary to law in two respects." First, Faith Regional contends the magistrate judge "overlooked the legal nature of [its] claim" under § 1132(a)(2) and "mischaracterized that claim as an equitable claim for ERISA benefits." Second, Faith Regional contends the magistrate judge "misapplied controlling Eighth Circuit precedent in stating that there is a 'general rule against jury trials on ERISA claims.'" Neither argument is persuasive.

Faith Regional bases its claim for a jury trial on the Seventh Amendment, which provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. As construed by the Supreme Court, the Seventh Amendment "applies not only to common-law causes of action, but also to 'actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998) (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)).

Determining whether the Seventh Amendment guarantees the right to a jury for a statutory claim is not hard science. *See*, *e.g.*, *Tull v. United States*, 481 U.S. 412, 417-18 (1987); *Ross v. Bernhard*, 396 U.S. 531, 533 (1970) (noting the difficulty of precisely defining "the line between actions at law dealing with legal rights and suits in equity dealing with equitable matter"). The requisite inquiry involves searching for historical analogs and evaluating both the basis for the plaintiff's statutory claim and the nature of the remedy sought to "determine whether it is legal or equitable." *Tull*, 481 U.S. at 417-18;

2

*accord Montanile v. Bd. of Trs. of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 142 (2016).

Here, the parties agree Faith Regional's right to a jury on its § 1132(a)(2) claim turns on whether the claim is legal in nature. Faith Regional argues it raises a "*legal* claim for money damages caused by UMR's breach of fiduciary duty." As Faith Regional sees it, the magistrate judge failed to recognize the distinction between a claim "seeking compensatory money damages" and "an ERISA claim seeking an award of plan benefits."

While the Court grasps the distinction Faith Regional draws, Faith Regional's wholesale reliance on its understanding of the nature of its request for monetary relief is misplaced. "The mere fact that" Faith Regional seeks monetary damages "does not mandate that" its claim for breach of fiduciary duty under § 1132(a)(2) "be characterized as legal rather than equitable." *Vorpahl*, 695 F.2d at 322; *see also CIGNA Corp. v. Amara*, 563 U.S. 421, 441(2011) (explaining that ordering relief under ERISA in "the form of a money payment does not remove it from the category of traditionally equitable relief"); *Teamsters v. Terry*, 494 U.S. 558, 570 (1990) (noting the Supreme Court has not "held that 'any award of monetary relief must *necessarily* be "legal" relief'") (emphasis in original) (quoting *Curtis v. Loether*, 415 U.S. 189, 196 (1974)).

With its alternative § 1132(a)(2) claim, Faith Regional seeks to recover from UMR monetary damages that the plan allegedly sustained as a result of UMR's purported breach of its fiduciary duty in processing a claim for benefits. In essence, if Faith Regional doesn't recover from defendant Ironshore Indemnity, Inc., it wants UMR to make the plan whole.

Historically, "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty." *Amara*, 563 U.S. at 439, 441-42 (noting ERISA typically treats a plan fiduciary as a trustee). "Indeed, prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a 'surcharge,' was 'exclusively equitable.'" *Id.* at 442 (quoting *Princess*

3

*Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 464 (1939)); *accord Mertens*, 508 U.S. at 256 (noting "money damages were available in [equity] courts against the trustee").

Faith Regional likens its claim to the one in *Mertens* but ignores critical differences between them—namely, UMR's fiduciary status and the equitable nature of Faith Regional's claim against it. *See Amara*, 563 U.S. at 439, 441-42 (stating that "insofar as an award of make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference"); *Mertens*, 508 U.S. at 251-53 (emphasizing the narrow grant of certiorari in the case, ERISA's distinctive treatment of fiduciaries under § 1132(a)(2), and the petitioners' concession that the "respondent was not a fiduciary" and resulting reliance on § 1132(a)(3)).

In *Vorpahl*, the Eighth Circuit rejected the plaintiffs' contention that the Seventh Amendment entitled them to a jury trial on an ERISA claim based in part on an alleged breach of fiduciary duty. 695 F.2d at 319, 322. In doing so, the Eighth Circuit explained that when a request for "monetary relief turns on a determination of entitlement to benefits," the relief is "an integral part of an equitable action" and the plaintiff has no constitutional right to a jury trial. *Vorpahl*, 695 F.2d at 322.

The magistrate judge closely examined Faith Regional's § 1132(a)(2) claim under that standard and reasonably determined Faith Regional's request for monetary damages turned on the strength of UMR's benefits determination and was thus equitable in nature. Although the decision in *Vorpahl* does not squarely address the precise issue raised in this case, it does provide strong support for the magistrate judge's decision to strike Faith Regional's jury demand for its § 1132(a)(2) claim in these circumstances. *See Vorpahl*, 695 F.2d at 322; *cf. Houghton v. SIPCO, Inc.*, 38 F.3d 953, 957 (8th Cir. 1994) (reiterating

4

that *Vorpahl* "held that there is no right to a jury trial of ERISA claims" and stating the *Mertens* decision confirms it).[2]

All things considered, the Court finds that a reasonable reading of *Amara*, *Mertens*, *Vorpahl*, and other relevant authority leads to the conclusion that Faith Regional is not entitled to a jury on its claim that UMR breached its fiduciary duty under §§ 1109 and 1132(a)(2). Therefore,

IT IS ORDERED:
1. Plaintiff Faith Regional Health Services' Statement of Objections (Filing No. 34) is overruled.
2. The magistrate judge's April 22, 2021, order (Filing No. 32) granting defendant UMR, Inc.'s Motion to Strike Jury Demand (Filing No. 26) is affirmed.
3. Faith Regional has no right to a jury on its claim for breach of fiduciary duty against UMR pursuant to 29 U.S.C. §§ 1109 and 1132(a)(2).

Dated this 30th day of June 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[2]In its brief (Filing No. 35), Faith Regional asserts that in *Houghton*, the Eighth Circuit mischaracterized and overstated "the scope of *Vorpahl*'s actual holding" and misread *Mertens*. It may be right. But it will have to take that up with the Circuit.