IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FAITH REGIONAL HEALTH SERVICES,<br><br>    Plaintiff,<br><br>vs.<br><br>IRONSHORE INDEMNITY, INC., and UMR, INC.,<br><br>    Defendants. | **8:20CV444**<br><br>**THIRD AMENDED FINAL PROGRESSION ORDER** |

  THIS MATTER is before the Court on the parties Joint Motion to Extend Progression Order Deadlines. (Filing No. 80) The motion is granted. Accordingly,

  IT IS ORDERED that the provisions of the previous final progression orders remain in effect, and in addition to those provisions, progression shall be amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference presently scheduled for July 14, 2022 is canceled. A status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** remains as scheduled and will be held with the undersigned magistrate judge by telephone on **September 22, 2022** at **3:00 p.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 17.)

2) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the defendant(s):  **August 1, 2022**
    Rebuttal:  **September 1, 2022**

3) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the defendant(s):  **August 1, 2022**
    Rebuttal:  **September 1, 2022**

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **September 15, 2022**.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is **10**.

    b. Depositions will be limited by Rule 30(d)(1).

5) The deadline for filing motions to dismiss and motions for summary judgment is **November 1, 2022**.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **November 1, 2022**.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 24th day of May, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge